# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                    NO.  CR 05-217 RB

**ROBERT SEDILLO GUTIERREZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Second and Third Notices of Intent to Offer Evidence Under Federal Rule of Evidence 404(b). Gutierrez filed responses in opposition to the Notices. The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that the Government may introduce evidence of Gutierrez's trips to Phoenix to purchase methamphetamine in 2004, but that all other Rule 404(b) evidence is inadmissible.

**I. Background.**

    The Government has noticed its intent to introduce the following evidence:

> (1) evidence relating to searches of Gutierrez's van and residence on June 20 and 21, 1997, that resulted in seizure of 34 grams of cocaine, packaging materials, and a large amount of currency;
> (2) evidence relating to Gutierrez's delivery of $21,000.00 to an undercover agent in the attempt to purchase a kilogram of cocaine on November 19, 1997, and Gutierrez's subsequent conviction for attempted possession of more than 500 grams of cocaine;
> (3) evidence that Gutierrez traveled to Phoenix 13 times between January, 2003 and December, 2004 to purchase methamphetamine; and
> (4) evidence that Ervin Gutierrez, the son of Robert Gutierrez, sold 27.5 grams of methamphetamine to a CI on October 8, 2004, and 26.2

grams of methamphetamine to a CI on October 18, 2004.

The Government withdrew its request to admit evidence that the F.B.I. first began to investigate Gutierrez after receiving information that he engaged in sexual activities with young boys and withdrew its request to reconsider the exclusion of evidence relating to the $3,500 in cash found in Gutierrez's vehicle during a stop in September 2004. On March 27, 2006, the first day of the second trial, the Government withdrew its request to admit evidence specified in its Third Notice of Intent to Offer 404(b) Evidence because the Third Notice, filed on March 20, 2006, was untimely.

## II. Discussion.

Evidence of other wrongful acts is admissible under FED. R. EVID. 404(b) if four requirements are met: (1) the evidence is offered for a proper purpose (such as proof of intent, plan, knowledge, or absence of mistake); (2) the evidence is relevant under Rule 401; (3) the probative value is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the Court instructs the jury to consider the evidence only for the purpose for which it was admitted. *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

**A.     Evidence Relating to the 1997 Incidents and Conviction.**

The Government argued that evidence regarding the 1997 incidents is relevant because evidence found at his home linked Gutierrez to there was linked to the crime through evidence found at his home. The Government postulates that the 1997 incident taught Gutierrez not to store contraband at his home and explains why he hid the methamphetamine in a vacant lot. The 1997 incidents occurred more than seven years before the arrest in this case and involved a different type of illegal drug. The circumstances of the 1997 incidents are not similar to the facts of this case. The Government's theory is too attenuated to render the 1997 incidents and conviction significantly

probative of intent, plan, knowledge, or absence of mistake. Any probative value is substantially outweighed by the danger of unfair prejudice. The Government may not introduce evidence of the 1997 incidents and the prior conviction in its case in chief.

## B. Evidence that Ervin Gutierrez Delivered Methamphetamine to a CI in October 2004.

The Government seeks to introduce evidence that Ervin Gutierrez delivered methamphetamine to a CI in October 2004. This evidence is not relevant to any permissible Rule 404(b) factor. Robert Gutierrez is on trial, not Ervin Gutierrez. Thus, the conduct of Ervin Gutierrez is not probative of the conduct of Robert Gutierrez. Any probative value is substantially outweighed by the danger of unfair prejudice. The Government may not introduce evidence that Ervin Gutierrez delivered methamphetamine to a CI in October 2004.

## C. Evidence that Gutierrez Traveled to Phoenix in 2003 and 2004 to Purchase Methamphetamine.

The Government seeks to introduce evidence that Gutierrez traveled to Phoenix 13 times, between January, 2003 and December, 2004, to purchase methamphetamine through the testimony of Ruben Jaramillo. As preliminary matters, Gutierrez argues that disclosure of this evidence was untimely and that Jaramillo is incompetent. The Government disclosed this evidence in its Second Notice of Intent to Use Evidence Admissible Under Federal Rule of Evidence 404(b), filed on September 30, 2005. The document filed with the clerk was sealed, and only the first page was docketed.[1] However, the record establishes that defense counsel received a complete copy of this document because, on October 24, 2006, Gutierrez filed a response in opposition to the Second Notice that addressed the 13 trips to Phoenix. Thus, disclosure was timely. Gutierrez's arguments

---

[1] The Clerk is directed to unseal the second notice and include the full document in the record.

3

concerning Jaramillo's competency may be addressed when the witness takes the stand and during cross examination.

Gutierrez argues that the evidence is inadmissible under Rule 404(b). Gutierrez is charged with possession with intent to distribute more than 500 grams of methamphetamine that was found buried in a vacant lot adjacent to his friend's backyard. Evidence that Gutierrez purchased significant quantities of methamphetamine in 2004 is probative of his intent and knowledge with respect to the charged crime. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. However, evidence that Gutierrez purchased methamphetamine before 2004 is too remote in time to outweigh the danger of unfair prejudice. The Government may introduce evidence that Gutierrez traveled to Phoenix to purchase methamphetamine during 2004. If Gutierrez so requests, an appropriate limiting instruction will be given.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**