IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            No. CR 05-0217 RB

ROBERT SEDILLO GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reduction of Sentence or Reconsideration, filed on March 31, 2017. (Doc. 244.) The Court acknowledges Mr. Gutierrez's heartfelt, personal appeal for a reduction in his sentence based on advancing age, health, and family reasons, and certainly empathizes with those considerations. Unfortunately, they do not grant me the power to do what the rules do not allow. Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.**     **Background**

The Court sentenced Mr. Gutierrez to 360 months imprisonment on August 7, 2006. (Doc. 116 at 2.) Mr. Gutierrez filed a Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) on October 19, 2015. (Doc. 226.) He sought a reduced sentence based on Amendment 782 to the United States Sentencing Guidelines, which "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quotation and subsequent citations omitted). (*See also* Doc. 226 at 1.) On June 8, 2016, the Court dismissed Mr. Gutierrez's Motion for lack of jurisdiction, because his

"sentence was based on his career offender status under United States Sentencing Guideline § 4B1.1, and not on United States Sentencing Guideline § 2D1.1." (Doc. 231.)

On June 27, 2016, Mr. Gutierrez filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, arguing that he improperly received an enhanced sentence as a career offender under the reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 233.) On March 20, 2017, the parties issued a Joint Statement, agreeing that the Supreme Court's ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017), was dispositive of the issues raised in Mr. Gutierrez's § 2255 motion. (Doc. 241.) Accordingly, the Court dismissed the § 2255 motion on March 28, 2017. (Doc. 242.)

On October 31, 2016, President Barack Obama, through an executive grant of clemency, commuted Mr. Gutierrez's sentence to a term of 210 months' imprisonment, making his projected release date March 3, 2020. (Doc. 238 at 1; *see also* Doc. 249 at 2.) Mr. Gutierrez now moves the Court for a reduction or reconsideration of his sentence, which the Government construes as a motion brought pursuant to Amendment 782. (Docs. 244; 249 at 2.)

**II.     Analysis**

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18

U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Because Mr. Gutierrez did not cite a specific provision in his Motion, the Court will examine his request under all three of these provisions.

### A. Modification for Special Circumstances

Mr. Gutierrez is not eligible for a modification pursuant to section 3582(c)(1)(A). While Mr. Gutierrez mentions both his age and certain unresolved medical issues he is experiencing in prison (Doc. 244 at 1–2), the Court may not modify his sentence under section 3582(c)(1)(A)(i) or (ii), because the motion was not made by the Director of the Bureau of Prisons as required. 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *Smartt*, 129 F.3d at 541.

### B. Modification Expressly Permitted by Statute or Rule 35

Mr. Gutierrez is not eligible for a modification pursuant to section 3582(c)(1)(B), which "authorizes a court to 'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35.'" *Smartt*, 129 F.3d at 541 (quoting 18 U.S.C. §3582(c)(1)(B)). Mr. Gutierrez does not assert that he meets the requirements for modification under Federal Rule of Criminal Procedure 35 or any other statute. *See United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996) (quoting Fed. R. Crim. P. 35) (describing the three instances under which courts can correct or reduce a sentence pursuant to Rule 35: "to correct an illegal sentence on remand from a court of appeals"; "to 'reduce a sentence to reflect a defendant's subsequent, substantial assistance' 'on motion of the Government made within one year after the

3

imposition of the sentence'"; and "within 7 days after the imposition of sentence, [to] correct a sentence that was imposed as a result of arithmetical, technical, or other clear error'").

C.     **Subsequent Lowering of Sentencing Range**

Mr. Gutierrez does not assert, nor can the Court find, that he is eligible for a reduction based on any of the factors enumerated in section 3582(c)(2). The Government asserts that he sought a reduction based on Amendment 782, as he did in his original § 3582 motion. (Doc. 249 at 2.) The Court does not see any language seeking such a reduction, but to the extent Mr. Gutierrez does seek a reduction pursuant to Amendment 782, the Court denies the motion for the reasons stated in its previous Order. (*See* Doc. 231.) Moreover, if Mr. Gutierrez is moving to reduce his sentence pursuant to section 3582(c)(2), his motion would be untimely. *See United States v. Randall*, 666 F.3d 1238, 1240–41 (10th Cir. 2011).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence or Reconsideration, (Doc. 244) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**