# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. CR 05-0217 RB

ROBERT SEDILLO GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Gutierrez's Motion for Compassionate Release Pursuant to Section 603(b)(1) of the First Step Act, filed on February 4, 2019. (Doc. 260.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.    Background**

The Court sentenced Mr. Gutierrez as a career offender to 360 months' imprisonment on August 7, 2006. (Doc. 116 at 2.) On October 31, 2016, President Barack Obama, through an executive grant of clemency, commuted Mr. Gutierrez's sentence to a term of 210 months' imprisonment, making his projected release date March 3, 2020. (Doc. 238 at 1; *see also* Doc. 249 at 2.) Mr. Gutierrez has filed several unsuccessful motions for a sentence reduction, both before and after the executive grant of clemency. (*See* Docs. 226; 233; 244; 251.) Mr. Gutierrez now moves the Court for compassionate release pursuant to Section 603(b)(1) of the First Step Act. (Doc. 260.)

**II.    Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the

Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened.[1] Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Mr. Gutierrez sought a motion from the Director of the BOP under Section 3582(c)(1)(A) based on the fact that he is an inmate aged "65 years or older who [has] served the greater of 10 years or 75% of the term to which [he] was sentenced." (Doc. 260-A.) When he sought a motion from the BOP, Mr. Gutierrez was 77 years old and would "have served 75% of [his] sentence [as of] January 18, 2018 . . . ." (*Id.*) The BOP acknowledged that, pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Gutierrez was then 78 years old and had served 78% of his term of imprisonment (Doc. 260-B); however, it "declined to reduce [his] sentence because he had received an executive grant of clemency" (Doc. 260 at 3 (citing Doc. 260-B)). Because the BOP denied Mr. Gutierrez's request, the Government does not dispute that he has fully exhausted his administrative rights and may properly move for compassionate release pursuant to Section 3582(c)(1)(A). (*See* Docs. 260 at 2–3; 260-B; 261 at 3.)

---

[1] *See*, *e.g.*, Christie Thompson, *Frail, Old, and Dying, but Their Only Way Out of Prison Is a Coffin*, N.Y. Times (Mar. 7, 2018), https://www.nytimes.com/2018/03/07/us/prisons-compassionate-release-.html; *see also The Answer is No: Too Little Compassionate Release in US Federal Prisons*, Human Rights Watch (Nov. 30, 2012) https://www.hrw.org/report/2012/11/30/answer-no/too-little-compassionate-release-us-federal-prisons.

2

Mr. Gutierrez moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" in relevant part where: "The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(B). Section 1B1.13 also directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable . . . ."

Mr. Gutierrez clearly meets the first and third requirements, as he is 78 years old and has served over 14 years, or more than 80% of his sentence. (*See* Doc. 260 at 4.) He argues that he also meets the second requirement and cites several health conditions: (1) a prostrate problem that requires him to urinate every two hours and that "would be far more manageable at home"; (2) a cataract that the BOP will not correct with surgery "because it does not deem his condition sufficiently severe"; and (3) broken teeth that result in trouble eating, "but the BOP has refused to schedule the necessary dental work." (*Id.* at 6–7.) Mr. Gutierrez asserts that he would be better able to manage and pay for his own healthcare if he were not incarcerated. (*Id.*)

Mr. Gutierrez does not, however, submit medical records showing that the BOP has denied his healthcare requests, an affidavit, a copy of the institutional rules regarding healthcare, or any other evidence in support of his motion. Consequently, the Court will not grant Mr. Gutierrez's

motion on the basis that he "is experiencing a serious deterioration in physical or mental health because of the aging process . . . ." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(B).[2]

The Court would welcome a motion to reconsider this Memorandum Opinion and Order, provided the motion is supported by sufficient medical documentation to establish that Mr. Gutierrez "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(B).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release Pursuant to Section 603(b)(1) of the First Step Act (Doc. 260) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] The Government further argues that the Court should, in any case, deny Mr. Gutierrez's motion for the same reason that the BOP denied it—because Mr. Gutierrez has already received a 12.5 year reduction through clemency. (*See* Docs. 261 at 6; 260-B.) The Government does not, however, tie this consideration to one of the Section 3553 factors. Because the Court will deny Mr. Gutierrez's motion on other grounds, it will not consider this argument.

4