IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                                                                                 No. CR 05-0217 RB

ROBERT SEDILLO GUTIERREZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Gutierrez's Motion to Reconsider Compassionate Release, filed on April 9, 2019. (Doc. 264.) Mr. Gutierrez moved for compassionate release on February 4, 2019. (Doc. 260.) Because Mr. Gutierrez discussed Application Note 1(B) of U.S. Sentencing Guidelines § 1B1.13 and the criteria therein (i.e., the age of the defendant, a serious health condition due to age, and the amount of the sentence served), the Court construed his original motion as one for compassionate release pursuant to Application Note 1(B). (*See* Docs. 260 at 3–4 (citing U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(B)); 263 at 3.) The Court denied the motion under Application Note 1(B) because Mr. Gutierrez had not established that he "is experiencing a serious deterioration in physical or mental health because of the aging process . . . ." (Doc. 263 at 3–4 (quoting U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(B)).)

Mr. Gutierrez now points to a section in his reply brief and clarifies that he relied on Application Note 1(D) rather than 1(B). (*See* Doc. 264 at 3 (citing Doc. 262 at 2–3).) Under Application Note 1(D), the Director of the Bureau of Prisons (BOP) may determine whether "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S. Sentencing Guidelines Manual

§ 1B1.13 app. § (1)(D). Pursuant to this subsection, Mr. Gutierrez asks that he be granted compassionate release because "[t]he Sentencing Commission and BOP have recognized that inmates over the age of 65 are elderly and eligible for early release due to their advanced age." (Doc. 260 at 6 (citing U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(B); BOP Program Statement § 5050.50(4)(c), https://www.bop.gov/policy/progstat/5050_050_EN.pdf).) As the Government discussed Section 5050.50(4)(c) in its response brief (*see* Doc. 261 at 5–6), and the Court misapprehended Mr. Gutierrez's position, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), the Court will reconsider Mr. Gutierrez's original motion pursuant to Application Note 1(D).

**I.     Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release, and that very rarely happened.[1] Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

---

[1] *See*, *e.g.*, Christie Thompson, *Frail, Old, and Dying, but Their Only Way Out of Prison Is a Coffin*, N.Y. Times (Mar. 7, 2018), https://www.nytimes.com/2018/03/07/us/prisons-compassionate-release-.html; *see also The Answer is No: Too Little Compassionate Release in US Federal Prisons*, Human Rights Watch (Nov. 30, 2012) https://www.hrw.org/report/2012/11/30/answer-no/too-little-compassionate-release-us-federal-prisons.

Mr. Gutierrez first sought such a motion from the Director of the BOP, and the BOP denied his request. (*See* Docs. 260-A; 260-B.) The Government does not dispute that he has fully exhausted his administrative rights and may now properly move the Court for compassionate release pursuant to Section 3582(c)(1)(A). (*See* Docs. 260 at 2–3; 260-B; 261 at 3.)

Mr. Gutierrez moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1); *see also United States v. Overcash*, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019). The statute does not define what constitutes "extraordinary and compelling reasons." Instead, "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'"[2] *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019). The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13. These reasons include:

> (A) Medical Condition of the Defendant.
>  (i) The defendant is suffering from a terminal illness . . . .
>  (ii) The defendant is
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[2] This section provides:
> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, app. 1. Mr. Gutierrez moves for compassionate release under subsection (D), which allows the Director of the BOP to determine whether "extraordinary and compelling" reasons exist that are not enumerated in subsections (A)–(C). (*See* Doc. 262 at 2–3.)

The BOP has published a Program Statement to describe the procedures it uses to implement compassionate release/reductions in sentences under Section 3582. *See* BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1. This Program Statement provides guidance regarding subsection (D) and what qualifies as "other reasons" that are "extraordinary and compelling" and may be adequate to reduce a defendant's sentence. Section 5050.50(4)(c) provides that the BOP may find that the criteria for a reduction in sentence (RIS) may include "Other Elderly Inmates. Inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced." *See* § 5050.50(4)(c), at *6.

Mr. Gutierrez referenced this criteria in his request to the BOP and in his motion to the Court. (*See* Docs. 260-A; 264 at 3.) He contends that he has shown "extraordinary and compelling reasons" for a RIS because he is 78 years old and has served 14 years, or more than 80% of his sentence. (Doc. 264 at 4.) The Court clarifies that Mr. Gutierrez has served more than 80% of his

4

*amended* sentence, as he received a 12.5 year reduction in his sentence through a grant of clemency in 2016. (*See* Docs. 238 (Am. J.); 261 at 6.) The Court originally sentenced him to serve 360 months, and he had served less than half of that time at the time of his request. (*See* Doc. 116.) The Director of the BOP considered this grant of clemency in denying his request for a RIS. The Director stated:

> Section 4(c) of [Program Statement §] 5050.49[3] provides that an inmate who is age 65 or older and has served the greater of 10 years or 75 percent of his term of imprisonment may be considered for a RIS.
>
> Mr. Gutierrez is 78 years old and has served 13 years and 8 months, or 78 percent, of his term of imprisonment. He therefore meets the criteria for a RIS under section 4(c). However, on October 27, 2016, his term of imprisonment was reduced via executive clemency. As the President has already reduced his sentence, an additional reduction for a non-medical reason is unwarranted. Accordingly, his RIS request is denied.

(Doc. 260-B.)

The Government acknowledges that while Mr. "Gutierrez meets the technical requirements of this policy statement[,]" the relief he seeks is discretionary. (Doc. 261 at 5–6 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")).) The Government argues that the BOP's denial of Mr. Gutierrez's request, based on the facts that he has already received a 12.5 year sentence reduction through clemency and that he does not have a medical reason for compassionate release, was sound. (*Id.* at 6.) Mr. Gutierrez contends that "a grant of clemency is not a recognized factor for consideration for a reduction in sentence request." (Doc. 260 at 4.) He points to Section 5050.50(7) (Doc. 260 at 4), which delineates several factors the BOP should consider when evaluating RIS requests:

---

[3] Program Statement § 5050.49 was a previous iteration of § 5050.50 and has since been rescinded. *See* Program Statement 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *2.

> [the] nature and circumstances of the offense[; c]riminal history[; c]omments from victims[; u]nresolved detainers[; s]upervised release violations[; i]nstitutional adjustment[; d]isciplinary infractions[; p]ersonal history derived from the PSR[; l]ength of sentence and amount of time served . . . [; i]nmate's current age[; i]nmate's age at the time of offense and sentencing[; i]nmate's release plans (employment, medical, financial)[; w]hether release would minimize the severity of the offense[;] . . . [and w]hether the inmate's release would pose a danger to the safety of any other person or the community.

*See* BOP Program Statement § 5050.50(7), https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *12.

Mr. Gutierrez fails to notice, however, the statement immediately following this list of factors: "When reviewing RIS requests, **these factors are neither exclusive** nor weighted." *See id.* (emphasis added). Thus, the Court finds that the BOP's consideration of the fact that Mr. Gutierrez had already received a considerable reduction in his sentence through a grant of clemency was indeed proper. And as the Director of the BOP has been given authority to determine what constitutes "extraordinary and compelling reasons" for a sentence reduction, U.S. Sentencing Guidelines Manual § 1B1.13 app. 1, the Court puts great weight on the Director's discretionary decision to deny Mr. Gutierrez's request.

Moreover, the Court finds guidance in the "purpose and scope" section of BOP Program Statement § 5050.50, which explains that the BOP "uses . . . 18 U.S.C. § 3582(c)(1)(A) in particularly extraordinary or compelling circumstances **which could not reasonably have been foreseen by the court at the time of sentencing.**" *See* BOP Program Statement § 5050.50(1), https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1; *see also* 28 C.F.R. § 571.60 ("The Bureau uses 18 U.S.C. 4205(g) and 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."). Mr. Gutierrez asks the Court for compassionate release due to his elderly status, regardless of his medical circumstances or health concerns. (*See* Doc. 264 at 4.) While he may

meet the criteria for a discretionary RIS pursuant to BOP Program Statement § 5050.50(4)(c), Mr. Gutierrez does not explain how his circumstances "could not reasonably have been foreseen by the court at the time of sentencing." Because the Court originally sentenced Mr. Gutierrez to 360 months when he was 65 years old (*see* Presentence Report at 1; Doc. 116 at 2), one would have reasonably expected Mr. Gutierrez to have served less than half of his total sentence in 2019 when he was 78 years old. Because Mr. Gutierrez has already received a 12.5 year reduction in his sentence through a grant of clemency, the Court finds that he has not shown extraordinary and compelling circumstances that justify a further reduction in sentence under this particular section.

## II.     Conclusion

The Court finds that Mr. Gutierrez has not demonstrated extraordinary and compelling reasons for a sentence reduction pursuant to Application Note 1(D).

**THEREFORE,**

**IT IS ORDERED** that the Motion to Reconsider Compassionate Release (Doc. 264) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE